## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

LOUIS EDWARD WILLIAMS            CIVIL ACTION

VERSUS                           NUMBER 12-271-JJB-DLD

GOVERNORS OF THE STATE OF
LOUISIANA, ET AL

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 19, 2012.

MAGISTRATE JUDGE DOCIA L. DALBY

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LOUIS EDWARD WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 12-271-JJB-DLD** |
| **GOVERNORS OF THE STATE OF LOUISIANA, ET AL** | |

### MAGISTRATE JUDGE'S REPORT

This matter is before the court on a referral from the district court of plaintiff's motion for leave to proceed *in forma pauperis* (rec. doc. 2).

### *In Forma Pauperis Standard*

In order to proceed *in forma pauperis*, a plaintiff not only must meet the financial prerequisite, but also must establish that he has raised a non-frivolous issue under the standard set forth in 28 U.S.C. § 1915(e)(2), which grants the court the authority to dismiss the case at any time if the action is frivolous or malicious, or fails to state a claim on which relief may be granted. An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995). The court has broad discretion in determining the frivolous nature of a complaint. *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). This discretion includes not only the " authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitze*, at 327. If a complaint is based on an

indisputably meritless legal theory, it lacks an arguable basis in law and may be dismissed as frivolous. A complaint may also be dismissed as frivolous if it lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.[1] Examples of claims which can be dismissed sua sponte under § 1915(e) include claims which allege the violation of a legal interest which clearly does not exist. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) Under 28 U.S.C. §1915(e), this Court is also authorized to dismiss an action brought *in forma pauperis* if satisfied that the action seeks monetary relief against a defendant who is immune from such relief. *See Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). Further, "the district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'" *Franklin v. Laughlin*, 2011 WL 598489, *1 (W.D. Tex. 2011), *quoting, Bazrowz v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). "Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case. *Franklin*, at *1.

A §1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, supra. Section 1915(e) also expressly authorizes dismissal of lawsuits as frivolous regardless of whether a filing fee, or any portion thereof, has been paid. It can thus be reasoned that if the court may dismiss a non-IFP case as frivolous under § 1915(e), the court may also deny leave to proceed *in*

---

[1] *See Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733-34 (1992).

*forma pauperis* to preclude the filing of a frivolous complaint or claim. Also, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Green v. Boyd*, 2008 WL 2117671 ( W.D.Tex. 2008), *quoting Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 ( 5th Cir.1986).

Moreover, courts have a continuing duty to examine their own jurisdiction, and are required to dismiss *sua sponte* any action over which they lack jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 ( 1982). Federal Rule of Civil Procedure 12 further provides in pertinent part that "[i]f the court determines at any time that it lacks subject- matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)( 3)(emphasis added). "It is the duty of the district court, at any level of the proceeding, to dismiss a plaintiff's action *sua sponte* for failure of Federal jurisdiction even if the litigants do not raise the issue in responsive pleadings or in a motion to dismiss.[2]

The plaintiff has met the financial prerequisite; however, his complaint appears to include claims of infringement of a legal interest that does not exist, may be barred by limitations, or may involve defendants who are immune for suit. Thus, the complaint as written may be dismissed as frivolous under § 1915(e). With regard to the form and substance of the complaint, the court also notes that it is not in compliance with Rule 8(a)(2) of the Federal Rules of Civil Procedure. Rule 8(a)(2) sets out the fundamental pleading standard for civil litigation and governs all claims in a civil suit, requiring a "short

---

[2]Moore's Federal Practice, § 12.30, Mathew Bender 3d ed.; *Howard v. Lemmons*, 547 F.2d 290, 290 (5th Cir. 1977)

plain statement of the claim showing that the pleader is entitled to relief." This "short plain statement" would be the substance of the complaint, and would include factual allegations that are "enough to raise the right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact),"[3] and would respect "all the material elements necessary to sustain recovery under some viable legal theory." The court afforded plaintiff an opportunity to amend his complaint to describe the specific actions or inactions by specific defendants which gave rise to the alleged violation of plaintiff's rights, including the time frame under which the alleged violations occurred. Plaintiff further was advised that failure to amend the complaint as indicated would result in the dismissal of his suit by the court without further notice. Plaintiff's amended complaint was due on July 12, 2012, but plaintiff failed to amend his complaint.

***The Complaint***

Turning now to plaintiff's complaint, the court notes that plaintiff titles his lawsuit as one for the wrongful collection of out-of-state tuition by the state of Louisiana after he "has made all residency requirements." (rec.doc. 1, pg. 5) Plaintiff states that he had to pay out-of-state tuition for ten academic semesters in Louisiana law schools, and that such tuition was "unreasonable" and a violation of the Fourteenth Amendment as he did not owe the out-of-state tuition. He complains that in Louisiana, a student can never become a resident of the state and that such action is unconstitutional in that he was forced to pay out-of-state tuition to Louisiana law schools as a Georgia resident even though he worked a full-time

---

[3] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

job, presumably while in school in Louisiana. Plaintiff does not state when the actions occurred, or which defendants committed which actions. Also, plaintiff attempts to cite to cases in Georgia, Iowa and Kansas that relate to the residency requirements of those states; however, he failed to explain how the residency requirements of those states apply to the residency requirements to attend Louisiana law schools, and he provided no case citations.

Further, in this case, it is impossible to determine which factual allegations exist which raise the right to relief above the speculative level, and which factual allegations apply to which defendants. For example, plaintiff names the following individuals as defendants: former governors Edwin Edwards, Dave Treen, "Mr. Jingle," and "et. als"; The Paul M. Hebert Law Center; Erick V. Anderson, professor and vice chancellor for academic affairs; Cheney C. Joseph, Jr.; Michele Anderson, registrar; Louisiana State University School of Law "et. als"; Southern University School of Law's president, Jesse Stone; B.K. Agnihotra, dean; Washington Marshall, assistant dean, and Southern University School of Law "et. als," but he has failed to relate the material elements of any cause of action to specific actions taken or not taken by specific defendants.

As an example, the court notes that the Fourteenth Amendment provides "constitutional protection to those fundamental aspects of life, liberty, and property that rise to the level of a legitimate claim of entitlement but does not protect lesser interests or mere expectations." *E.C. ex rel. Chatman v. Mississippi High School Athletics Ass'n*, 2012 WL 1353920, *3 (S.D. MS. April, 2012). However, plaintiff's vague allegations have not connected the defendants' alleged actions to any loss of a fundamental aspect of life,

liberty, or property under the due process clause. It is also unclear to the court if plaintiff is complaining of Louisiana's residency requirements for students in its law school, or if he is complaining that working full time while attending law school fulfills the state's residency requirements. Put another way, plaintiff has raised no claim to date that invokes this court's jurisdiction as it appears he is raising claims relating to residency requirements with regard to out-of-state students and their tuition rates. As plaintiff's claims have no arguable basis in law or fact, the action is frivolous.

## *RECOMMENDATION*

It is the recommendation of the magistrate judge that plaintiff's complaint should be *sua sponte* dismissed under 28 U.S.C. § 1915(e) as frivolous, and plaintiff's application to proceed *in forma pauperis* (rec.doc. 2) therefore should be dismissed as moot.

Signed in Baton Rouge, Louisiana, on July 19, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**